1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:25-cr-00047-DC-1

12              Plaintiff,

13        v.                                ORDER DENYING DEFENDANT'S
                                            MOTION FOR PERMISSION TO FILE
14   PAUL T. KINGSTON,                      ELECTRONICALLY AND MOTION TO
                                            APPOINT APPELLATE COUNSEL
15              Defendant.
                                            (Doc. Nos. 35, 39, 42)
16

17        This matter is before the court on Defendant's motion for permission to file electronically

18   and motion to appoint counsel to represent him in his appeal of the judgment entered by the

19   assigned magistrate judge. (Doc. Nos. 35, 39, 42). For the reasons explained below, Defendant's

20   motion for permission to file electronically and motion for the appointment of appellate counsel

21   will be denied.

22                                **BACKGROUND**

23        Pursuant to a citation issued by a United States Forest Service Officer to Defendant Paul

24   T. Kingston on July 5, 2024, Defendant was charged on October 2, 2024 with violating 36 C.F.R.

25   261.53(e), which prohibits being "in any area which is closed or restricted for the protection of . .

26   . public health or safety." (Doc. No. 1); 36 C.F.R. 261.53(e). Plaintiff retained private counsel to

27   represent him in this petty offense case. (Doc. Nos. 3, 4.) A one-day bench trial was held before

28   the assigned magistrate judge on February 6, 2025. (Doc. No. 21.) The court found Defendant

1

guilty of violating 36 C.F.R. 261.53(e) and sentenced Defendant to pay a fine of $210.00, a special assessment of $10.00, and a processing fee of $30.00, for a total financial obligation of $250.00. (Doc. No. 20.) The court did not sentence Defendant to any term of imprisonment. (*Id.*) Judgment was entered on February 10, 2025. (*Id.*)

On February 18, 2025, Defendant filed a *pro se* notice of appeal to the district judge (Doc. No. 29), as well as several *pro se* motions related to his appeal, including a "motion to reconsider denial of discovery, vacate guilty verdict, and scheduling hearing for new testimony" (Doc. No. 25), a "motion for retrial due to claim of ineffective assistance [of counsel]" (Doc. No. 26), and a motion for leave to appeal *in forma pauperis.* (Doc. No. 27). Due to Defendant's desire to proceed without counsel, the court granted his request to proceed *pro se* and terminated his counsel of record on February 24, 2025. (Doc. Nos. 31, 33.)

However, on March 18, 2025, Defendant filed a motion for the appointment of appellate counsel. (Doc. No. 42.) Therein, Defendant explains that he initially desired to proceed *pro se* with his post-judgment motions and appeal because his "grounds for [] requesting a new hearing [] are based in [sic] [his] right to self-representation," and he "felt it was more appropriate that [he] argue the motions *in propria persona*." (Doc. No. 42 at 1.) Defendant now seeks appellate counsel because "[a]ppellate proceedings are significantly more complex," and he believes he will be unable to present his "appeal competently without assistance." (Doc. No. 42 at 2.)

Defendant also filed a motion for permission to utilize electronic case filing ("ECF") for his filings in this case. (Doc. Nos. 35, 39.)

The Government did not file any responses to Defendant's pending motions.

**DISCUSSION**

Because Defendants' motion for reconsideration (Doc. No. 25) and motion for a "retrial" (Doc. No. 26) appear to be substantively part of his appeal of the judgment in this case, the court will address the arguments advanced in those motions in its order resolving the pending appeal.

In this order, the court will first address Defendant's motion for permission to use ECF for his filings in this case, and then address Defendant's motion for the appointment of appellate counsel.

**A.    Electronic Case Filing**

Pursuant to Local Rule 133(b)(2), *pro se* parties must file and serve paper documents; *pro se* parties "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge" as provided by Local Rule 133(b)(3). A *pro se* litigant seeking permission to use ECF shall submit such a request as a stipulation "or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." L.R. 133(b)(3).

In his pending request for permission to file electronically in this case, Defendant asserts that electronic filing "would avoid the need for future filings to be converted from paper to electronic," (Doc. Nos. 35 at 1; 39 at 2), but that assertion is true for all paper filings and does not demonstrate why an exception should be made for Defendant specifically. Indeed, the Local Rules require *pro se* litigants to file paper documents, despite the burden that places on the Clerk's office "to transform the paper filing into an electronic record." L.R. 133(a). Defendant also asserts that he "will be unable to physically receive" filings mailed to his address of record in Missouri (Doc. No. 35 at 1), though he offers no further elaboration or explanation regarding that purported limitation. Notably, under the Local Rules, Defendant is "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number." L.R. 182(f).

For these reasons, the court is not persuaded that Defendant should be excepted from the paper filing requirements under the Local Rules. *See Yates v. Money Source, Inc.*, No. 1:23-cv-00155-JLT-EPG, 2023 WL 1786252, at *1 (E.D. Cal. Feb. 6, 2023) (denying the plaintiff's request for permission to file documents electronically because the plaintiff had "not provided a sufficient explanation to deviate from the rule that *pro se* parties must file documents conventionally and may not utilize electronic filing"). Defendant's motion for permission to file electronically will therefore be denied.

**B.    Appointment of Appellate Counsel**

A defendant charged with a petty offense or other misdemeanor has the right to retain counsel and "the right to request the appointment of counsel if the defendant is unable to retain counsel—unless the charge is a petty offense for which the appointment of counsel is not required." Fed. R. Civ. P. 58(b)(2)(B), (C). "[T]he burden of proof of financial status is on the

3

1    defendant who seeks free appointed counsel." *United States v. Ellsworth*, 547 F.2d 1096, 1098

2    (9th Cir. 1976). While appointment of counsel is required for a financially eligible defendant

3    charged with a Class A misdemeanor, a "[c]ourt may only appoint counsel for any financially

4    eligible defendant charged with a Class B or lesser misdemeanor only if it determines that the

5    interests of justice require appointment." *United States v. Gera*, No. 5:22-po-00026-CDB, 2024

6    WL 917511, at *1 (E.D. Cal. Mar. 1, 2024) (citing 18 U.S.C. § 3006A(a)(1)(A), (2)(A)). An

7    offense is classified as a Class A misdemeanor if it has a maximum term of imprisonment of "one

8    year or less but more than six months." 18 U.S.C. § 3559(a)(6). An offense is classified as a Class

9    B misdemeanor if it has a maximum term of imprisonment of "six months or less but more than

10    thirty days." 18 U.S.C. § 3559(a)(7).

11          Here, Defendant was charged and found guilty of violating 36 C.F.R. § 261.53(e), which

12    prohibits being "in any area which is closed or restricted for the protection of . . . public health or

13    safety." (Doc. Nos. 1, 20); 36 C.F.R. § 261.53(e). Based on the applicable penalty provision for

14    the offense, Defendant was found guilty of a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7);

15    *United States v. Ganoe*, 758 F. Supp. 2d 1052, 1056, n.5 (E.D. Cal. 2010). Specifically, the

16    penalty provision of this regulation provides the punishment for a violation of 36 C.F.R.

17    § 261.53(e) "shall be imprisonment of not more than six months or a fine in accordance with the

18    applicable provisions of 18 U.S.C. § 3571 or both." 36 C.F.R. § 261.1b. As noted above, the

19    magistrate judge did not sentence Defendant to any term of imprisonment and instead ordered

20    only that Defendant pay a fine. (Doc. No. 20.)

21          Based on the information Defendant provided in his pending motion to proceed *in forma*

22    *pauperis* with his appeal (Doc. No. 27), as well as his notice of change of financial status (Doc.

23    No. 34), the court finds Defendant has shown that he is unable to afford appellate counsel—

24    despite having retained trial counsel. Specifically, on February 18, 2025, Defendant declared that

25    he had $10–$20 in a savings account, he has no money in a checking account, his last tax return

26    reflected $1,500–$2,000 in income, and he owns a 1993 Nissan Quest "optimistically valued at

27    $500–$1,000." (Doc. No. 27.) Defendant then updated that information in the notice he filed on

28    February 26, 2025, to inform the court that he had since received his tax return deposit and as of

1  that date, had $349.59 in his savings account. (Doc. No. 34.) Given that Defendant is financially

2  eligible for the appointment of counsel, the court must next determine whether the interests of

3  justice require appointment of appellate counsel. *See* 18 U.S.C. § 3006A(a)(2)(A)).

4         In his pending motion for the appointment of appellate counsel, Defendant argues that

5  "[a]ppellate proceedings are significantly more complex, and while I am attempting to learn

6  them as rapidly as possible—I believe it likely won't be within my capabilities to present my

7  appeal competently without assistance." (Doc. No. 42 at 2.) Further, Defendant argues that

8  appointment of appellate counsel for him "would clearly be 'in the interests of justice,' as there

9  would be no possibility of 'justice' if my appeal is likely to fail due to incompetent presentation

10 regardless of its merits." (*Id.*)

11        Although the court finds Defendant has shown he is financially eligible for the

12 appointment of appellate counsel, the court is not persuaded the "interests of justice require

13 appointment." *See Gera*, 2024 WL 917511, at *1. Importantly, "[a] misdemeanor prosecution

14 does not trigger the Sixth Amendment's right to counsel simply because the crime charged carries

15 with it the possibility of imprisonment." *United States v. Tobey*, No. 2:19-cr-00150-JAM, 2020

16 WL 1451590, at *3 (E.D. Cal. Mar. 25, 2020), aff'd, 845 F. App'x 662 (9th Cir. 2021), (citing

17 *Scott v. Illinois*, 440 U.S. 367, 374 (1979)). Thus, the fact that Defendant faced the possibility of

18 imprisonment of not more than six months based on the charged petty offense is not sufficient to

19 warrant appointment of counsel. *See United States v. Alabbassi*, No. 6:25-po-00002-HBK, 2025

20 WL 50393, at *2 (E.D. Cal. Jan. 8, 2025) (denying motion to appoint counsel where "there has

21 been no determination whether the government is seeking a term of imprisonment nor that the

22 Court would be inclined to impose one even if the Defendant is convicted of either Class B

23 misdemeanor offense"). Moreover, upon his conviction for the charged petty offense, Defendant

24 was only sentenced to pay a modest fine—he was not sentenced to any term of imprisonment. For

25 these reasons, the court will deny Defendant's motion for the appointment of appellate counsel.

26                                **CONCLUSION**

27        For the reasons explained above:

28        1.      Defendant's motion for permission to file electronically in this case (Doc. Nos. 35,

1    39) is DENIED;

2    2.    Defendant's motion for the appointment of appellate counsel (Doc. No. 42) is

3          DENIED; and

4    3.    In light of Defendant's proposed briefing schedule (Doc. No. 52), in which

5          Defendant informs the court of his upcoming unavailability in June and July 2025,

6          the court sets the following briefing schedule on Defendant's pending post-

7          judgment motions and appeal:

8          a.    The Government shall file a response to Defendant's pending post-

9                judgment motions (Doc. Nos. 25, 26, 27, and 46) by no later than **July 30,**

10               **2025**;

11         b.    Defendant shall file a reply, if any, to the Government's response by no

12               later than **August 22, 2025**;

13         c.    Defendant shall file his appellate brief by no later than **August 22, 2025**;

14         d.    The Government shall file its responding appellate brief by no later than

15               **September 12, 2025**; and

16         e.    Defendant may file a reply brief by no later than **September 19, 2025**;

17   4.    The court will not set a hearing on Defendant's appeal at this time but may set the

18         matter for hearing following review of the parties' briefing.

19

20        IT IS SO ORDERED.

21   Dated:   **June 5, 2025**

     Dena Coggins

22   United States District Judge

23

24

25

26

27

28

6